IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 05-cv-00416-PSF-CBS

DAVID K. RICE, Jr.,

    Plaintiff,

v

ED STROUD, individual,
COLORADO ATTORNEY JERRY GODE, individual,
COLORADO DEPARTMENT OF HEALTH AND ENVIRONMENT, HAZARDOUS MATERIALS WASTE MANAGEMENT DIVISION, RADIATION MANAGEMENT UNIT-BR;
JOHN DOE, Wyoming Attorney; and
TOM SUMMERLEE

    Defendants

---

## ORDER and RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

The matter before the court is State Defendants'[1] Motion to Dismiss [#7], filed April 18, 2005. Plaintiff has not filed a response to this motion as of June 3, 2005. A Memorandum [#10], filed April 22, 2005, referred State Defendants' Motion to Dismiss to the Magistrate Judge. Further before the court is State Defendants' Motion to Stay Discovery [#11], filed April 25, 2005. Plaintiff has not filed a response to this motion as of June 3, 2006. A Memorandum [#13], filed April 26, 2005, referred State Defendants' Motion to Stay Discovery to the Magistrate Judge.

---

[1] Ed Stroud and Colorado Department of Health and Environment, Hazardous Materials Waste Management Division, Radiation Management Unit-br constitute "State Defendants."

This court has reviewed State Defendant's Motion to Dismiss and their Motion to Stay Discovery, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises  For the reasons discussed below, it is recommended that State Defendants' Motion to Dismiss be granted and State Defendants' Motion to Stay Discovery be denied as moot.

I.   **Background.**

Plaintiff initiated this action by filing a *pro se* Complaint alleging that State Defendants violated his due process and equal rights protections under **42 U.S.C. § 1983** and **42 U.S.C. § 1985.**  Further, Plaintiff asserts a state law claim for breach of contract against the State Defendants

As grounds for his claims, Plaintiff claims that the State Defendants attempted to collect a licensing fee for Plaintiff's "Troxler gauge." He claims this violates his procedural due process and equal protection rights and creates a "needless impediment to the continuation of [Plaintiff's] employment as a civil engineer[.]" (Comp. p.9, ¶ 34).  Plaintiff also claims that the State Defendants conspired against him to deprive him of his due process and equal protection rights by reason of his membership in a class of individuals seeking to singularly practice soil engineering in Colorado. (Comp., p.9, ¶ 34).

State Defendant Colorado Department of Health and Environment, Hazardous Materials Waste Management Division, Radiation Management Unit-br argues that this court lacks jurisdiction over Plaintiff's claims because it is entitled to Eleventh Amendment immunity  Further, it argues that Plaintiffs' claims under **42 U.S.C. § § 1983 & 1985** against State Defendant Stroud fail to state a claim for which relief can be

granted because Plaintiff makes no allegations that Defendant Stroud treated similarly situated individuals differently, and because Plaintiff does not belong to a protected class for purposes of **42 U.S.C. § 1985.** Finally, without original jurisdiction over a federal claim, State Defendants argue that the court does not have supplemental jurisdiction over Plaintiff's state claim for breach of contract. Accordingly, that claim should be dismissed under **FED. R. CIV. P. 12(b)(1)**

II.     Motion to Dismiss.

A.      Standard of Review.

Since Plaintiff appears *pro se,* this court will construe liberally his pleadings and other papers, holding them to a less stringent standard than formal papers filed by attorneys. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants move to dismiss Plaintiff's claims pursuant to **FED. R. CIV. P. 12(b)(1)** or, alternatively, pursuant to **FED. R. CIV. P. 12(b)(6)** Rule 12(b)(1) permits a court to dismiss a complaint for lack of subject matter jurisdiction over Plaintiff's claims.

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." **FED. R. CIV. P. 12(b)(6).** A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.;* **FED. R. CIV. P. 8(f)**

B.  Analysis.

    *1.*  *42 U.S.C. § 1983, 42 U.S.C. § 1985, and Breach of Contract Claim against the State Defendant Colorado Department of Public Health and Environment, Hazardous Materials Waste Management Division, Radiation Management Unit-br,:*

Plaintiff asserts a **42 U.S.C. § 1983, 42 U.S.C. § 1985**, and a state breach of contract claim against the State Defendant Colorado Department of Public Health and Environment, Hazardous Materials Waste Management Division, Radiation Management Unit-br ("State Defendant CDPHE"). The Eleventh Amendment to the United States Constitution provides that the judicial power of federal courts does not extend to actions against States and state entities, such as the State Defendant CDPHE, by private parties. *See, e.g., Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974)  *See also* § 24-1-119, C.R.S. (creating State Department of Public Health and Environment). Since Colorado has not waived its Eleventh Amendment immunity, Plaintiff's claims against State Defendant CDPHE are barred and must be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1)

    Plaintiff asserts his state breach of contract claim against "Defendant State" only. State Defendant CDPHE argues that Plaintiff's breach of contract claim against it should be dismissed. It urges the court to decline to exercise supplemental jurisdiction over Plaintiff's state law claim for breach of contract against it because the federal claims against it have been dismissed  However, as discussed above, State Defendant CDPHE is entitled to Eleventh Amendment immunity from any claim brought against it. Therefore, Plaintiff's breach of contract claim against State Defendant CDPHE should be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1),

4

rather than the reasons proffered by State Defendant CDPHE

### 2.     *42 U.S.C. § 1983 Claim against State Defendant Shroud:*

Plaintiff asserts a **42 U.S.C. § 1983** claim against State Defendant Stroud in his individual capacity. As a state official performing discretionary functions, State Defendant Stroud is entitled to qualified immunity for claims against him in his individual capacity for alleged constitutional rights violations. See *Harlow v. Fitzgerald,* 457 U.S 800, 818, (1982) (State officials are shielded from liability for civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known.)

To overcome State Defendant Stroud's qualified immunity bar to suit, Plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited *Jantz v. Muci,* 976 F.2d 623, 627 (10th Cir. 1992). Here, Plaintiff alleges that State Defendant Stroud requested that Plaintiff pay the licensing fee for his Troxler gauge pursuant to the Colorado Code of Regulations. Plaintiff has not established that a reasonable person would have known that State Defendant Stroud's compliance with the Colorado Code of Regulations would violate Plaintiff's constitutional rights Therefore, State Defendant Stroud is protected from Plaintiff's **42 U.S.C. § 1983** claim by qualified immunity. Plaintiff's **42 U.S.C. § 1983** claim against State Defendant Shroud should be dismissed with prejudice under FED. R. CIV. P. 12(b)(6).

### 3.     *42 U.S.C. § 1985 Claim against State Defendant Shroud:*

Next, Plaintiff asserts a **42 U.S.C. § 1985** claim against State Defendant Stroud in his individual capacity. To succeed on his **42 U.S.C. § 1985** claim, Plaintiff needs to

5

show the following:

    1    A conspiracy;

    2    To deprive [a] plaintiff of equal protection or equal privileges and immunities;

    3    An act in furtherance of the conspiracy; and

    4.    An injury or deprivation resulting therefrom. *See Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993).

Further, Plaintiff must show that a class-based or racially discriminatory animus motivated the conspiracy. *See id.* To state a claim under **42 U.S.C. § 1985(3)** for a non-racially motivated conspiracy, it is necessary to plead that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official, encroachment. *Id.*

Here, Plaintiff's allegations that "Defendants" conspired against him by reason of his membership in a class of individuals who seek to singularly practice soils engineering in Colorado does not state a claim under **42 U.S.C. § 1985(3)** because there is no class based animus or encroachment on protected rights. Without these elements, Plaintiff has failed to state a claim upon which relief can be granted pursuant to **42 U.S.C. § 1985(3),** and his claim against State Defendant Shroud should be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6).

Accordingly

**IT IS RECOMMENDED** as follows:

    1    That State Defendants' Motion to Dismiss [#7], filed April 18, 2005, **BE GRANTED** as follows:

a.  That each of Plaintiff's claims against the State Defendant Colorado Department of Health and Environment, Hazardous Materials Waste Management Division, Radiation Management Unit-br **BE DISMISSED** under **FED. R. CIV. P. 12(b)(1)** without prejudice on Eleventh Amendment immunity grounds;

b.  That Plaintiff's **42 U.S.C. § 1983** claim against State Defendant Stroud in his individual capacity **BE DISMISSED** under **FED. R. CIV. P. 12(b)(6)** with prejudice on qualified immunity grounds; and

c.  That Plaintiff's **42 U.S.C. § 1985** claim against State Defendant Stroud in his individual capacity **BE DISMISSED** under **FED. R. CIV. P. 12(b)(6)** with prejudice for failure to state a claim

3.  That the State Defendants -- Stroud and Colorado Department of Health and Environment, Hazardous Materials Waste Management Division, Radiation Management Unit-br-- **BE DROPPED** as parties to this action; and

4   That the case caption **BE AMENDED ACCORDINGLY.**[2]

Further, it **IS ORDERED** that State Defendants' Motion to Stay Discovery [#11], filed April 25, 2005, **IS DENIED** as moot.

**PLAINTIFF IS HEREBY WARNED THAT IT MUST SERVE THE SUMMONS AND**

---

[2] The following defendants remain in this action: Colorado Attorney Jerry Gode, John Doe, and Tom Summerlee.

COMPLAINT UPON THE REMAINING DEFENDANTS WITHIN 120 DAYS AFTER THE FILING OF THE COMPLAINT, OR THE COURT SHALL DISMISS THE ACTION WITHOUT PREJUDICE AS TO THE REMAINING DEFENDANTS, PURSUANT TO FED. R. CIV. P. 4(M).

III.    **Advisement to the Parties.**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)**; *In re Griego*, 64 F.3d 580, 583 10th Cir.1995)

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made **28 U.S.C. § 636(b)(1).** A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review   See *In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996)   The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. **28 U.S.C. § 636(b)(1)**

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060.   Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

DATED at Denver, Colorado, this 20th day of June, 2005

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge