IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00416-PSF-CBS

DAVID K. RICE, Jr.,
    Plaintiff,
v.

ED STROUD, individual;
COLORADO ATTORNEY JERRY GODE, individual;
COLORADO DEPARTMENT OF HEALTH AND ENVIRONMENT HAZARDOUS MATERIALS WASTER MANAGEMENT DIVISION RADIATION MANAGEMENT UNIT-BR;
JOHN DOE, Wyoming Attorneys; and
TOM SUMMERLEE,
    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

This civil action comes before the court regarding the Order and Recommendation of United States Magistrate Judge (filed June 21, 2005 (doc. # 16)). In the Order and Recommendation, the Magistrate Judge recommended that the Motion to Dismiss (doc. # 7) filed by Defendants Stroud and Colorado Department of Health and Environment ("State Defendants") be granted and that the State Defendants be dismissed from this civil action. Also in the Order and Recommendation, the Magistrate Judge warned Plaintiff that failure to serve the Summons and Complaint upon the remaining Defendants within 120 days after the filing of the Complaint may result in dismissal of this civil action as to those Defendants, citing Fed. R. Civ. P. 4(m).

The Complaint was filed on March 4, 2005.  As of July 14, 2005, Plaintiff had not filed with the court any proof of service on the Defendants who remained in the case and more than 120 days had passed since the filing of the Complaint.  Therefore, on July 14, 2005, the court issued an Order to Show Cause directing Plaintiff to show cause in writing on or before July 29, 2005 why this civil action should not be dismissed without prejudice as to the remaining Defendants, Gode, Summerlee and the "John Doe ∢Wyoming Defendants,' " pursuant to Fed. R. Civ. P. 4(m) and 10(a).  The court warned Plaintiff that failure to comply with the Order to Show Cause may result in dismissal of Defendants Gode, Summerlee and the "John Doe ∢Wyoming Defendants.' "     On July 20, 2005, the District Judge accepted the June 21, 2005 Recommendation, granted the State Defendants' Motion to Dismiss, and dismissed the State Defendants from this civil action.  *See* Order Accepting and Adopting Recommendation of United States Magistrate Judge (filed July 20, 2005 (doc. # 22)).  The court noted that Plaintiff's response to the court's July 14, 2005 Order to Show Cause was due on or before July 29, 2005.

As of this date, Plaintiff has not responded to the July 14, 2005 Order to Show Cause.  Plaintiff has not filed with the court any proof of service on Defendants Gode, Summerlee, or "John Doe ∢Wyoming Defendants' " and more than 120 days has passed since the filing of the Complaint.  On July 6, 2005, Plaintiff's copy of the June 21, 2005 Order and Recommendation was returned to the court in the mail as undeliverable, marked "Temporary Order Expired/Cannot Locate New Address." (*See* doc. # 18).  On July 26, 2005, Plaintiff's copy of the Order to Show Cause was returned

to the court in the mail as undeliverable, marked "No Forward Address on File/Unable to Forward/Return to Sender/Better Address not Located." (*See* doc. # 23). Thus, Plaintiff has also failed to provide the court with a current mailing address, as required by D.C. COLO. LCivR 10.1 M.

Accordingly, IT IS RECOMMENDED that:

1. The anonymous "John Doe ‹Wyoming Defendants' " be dismissed without prejudice pursuant to Fed. R. Civ. P. 10(a).

2. Defendants Gode, Summerlee, and the "John Doe ‹Wyoming Defendants' " be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve the Complaint upon the Defendants within 120 days after the filing of the Complaint.[1]

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. *28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)*; *In re Griego*, 64 F.3d 580, 583 (10th Cir.1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. *28 U.S.C. § 636(b)(1)*. A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121*

*East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  *28 U.S.C. § 636(b)(1).*

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.,* 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

DATED at Denver, Colorado, this   2nd   day of August, 2005.

BY THE COURT:


      /s/   Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

---

1.     The court has not applied here the factors of *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), because the court is not recommending dismissal with prejudice or basing its Recommendation on Plaintiff's failure to comply with court orders or rules or to prosecute this case. *See Cosby v. Meadows*, 351 F.3d 1324, 1333 (10th Cir. 2003) (district court properly addressed relevant factors set forth in *Ehrenhaus*, 965 F.2d at 921, before choosing sanction of dismissal with prejudice for failure to comply with court orders); *Rueb v. Morales*, 91 Fed. Appx. 95, 2004 WL 206310 (10th Cir. 2004) (requiring district court to consider relevant factors set forth in *Ehrenhaus*, 965 F.2d at 921, before choosing dismissal with prejudice as just sanction for failure to comply with a court order).